[Cite as *State v. Porterfield*, 2013-Ohio-4315.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDIUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0032** |
| ERIC LEE PORTERFIELD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 00 CR 402.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Eric Lee Porterfield*, pro se, PID: A420502, Mansfield Correctional Institution, P.O. Box 788, Mansfield, OH 44901(Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from a ruling on a post-judgment motion in a criminal action before the Trumbull County Court of Common Pleas. In "dismissing" the motion filed by appellant, Eric Lee Porterfield, the trial court did not address the merits of his assertion that no valid sentencing order has ever been rendered in the case. Instead, the court predicated its ruling solely on the grounds that appellant failed to properly serve a copy of the disputed motion on appellee, the State of Ohio.

{¶2} While the appeal has been pending, appellant was found to be a vexatious litigator in a separate proceeding. When appellant failed to immediately move this court for leave to proceed with the appeal under R.C. 2323.52(F)(2), the state filed a motion to dismiss the matter. Before this court could issue a decision on the dismissal request, appellant submitted the mandated motion for leave. After reviewing the record, though, this court concludes that it is not necessary to rule upon the two motions because the appealed judgment is not a final appealable order.

{¶3} Since the trial court's decision to "dismiss" appellant's motion was based solely upon the lack of proper service, the dismissal was without prejudice because no final ruling has been made on the substance of the motion. As a result, appellant has not been denied the opportunity to obtain the exact relief sought in the motion. *Fallang v. Fallang*, 12th Dist. Butler No. CA2002-12-316, 2003-Ohio-5105, ¶8. Specifically, he still has the ability to re-file the motion and obtain a decision on its merits, so long as he properly serves a copy of the motion upon the state. *Id.*

{¶4} Of the seven categories of possible final appealable orders listed in R.C. 2505.02(B), the appealed judgment in this case could only qualify as a final order under division (B)(1). That division states that an order or ruling is immediately appealable if it affects a substantial right, determines the pending action or matter, and prevents a final decision in the losing party's favor. As to the "substantial right" element, the appealed judgment does not adversely affect any of appellant's legal rights because he has not been foreclosed from ultimately obtaining the relief sought in his motion. *Id.* Similarly, since the disputed motion can be re-filed, the appealed judgment does not prevent him from ultimately prevailing on the matter. Thus, the trial court's dismissal of the motion for lack of service is not a final appealable order that can be the subject of a separate

2

appeal to this court.

{¶5} Pursuant to the foregoing, it is the sua sponte order of this court that this appeal is hereby dismissed for lack of a final appealable order.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.