[Cite as *State ex rel. Porterfield v. McKay*, 2014-Ohio-4989.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. ERIC LEE PORTERFIELD, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | | |
| | : | **CASE NO. 2014-T-0016** |
| - vs - | | |
| | : | |
| JUDGE W. WYATT MCKAY, et al., | | |
| | : | |
| Respondents. | | |

Original Action for Writ of Mandamus

Judgment: Petition dismissed.

*Eric Lee Porterfield*, pro se, PID: A420502, Mansfield Correctional Institutional, P.O. Box 788, Mansfield, OH 44901 (For Relator).

*Dennis Watkins*, Trumbull County Prosecutor, *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Respondents).

PER CURIAM.

{¶1} Relator, Eric Lee Porterfield, filed a petition for a writ of mandamus. In his petition, relator states that respondent, Judge W. Wyatt McKay of the Trumbull County Court of Common Pleas, has failed to issue a ruling on a motion that has been pending in an underlying criminal case since March 2013. Relator seeks a writ compelling respondent to rule upon the motion.

{¶2} Respondent moves to dismiss this action on the grounds that, despite the

fact that relator was found to be a vexatious litigator in July 2013, he failed to move this court for leave to proceed when he filed his mandamus petition. In his response to the motion to dismiss, relator does not dispute that he was declared a vexatious litigator in a separate proceeding before the common pleas court. Instead, he essentially contends that he should not be required to obtain leave to proceed because the pending motion at the trial level pertains to an issue which has been the subject of continuing litigation since at least 2010.

{¶3} In a prior appeal brought by relator, this court expressly noted that he was declared a vexatious litigator by the common pleas court. *See State v. Porterfield*, 11th Dist. Trumbull No 2013-T-0032, 2013-Ohio-4315 ¶2. As a result, relator cannot bring a new action without complying with R.C. 2323.52(F)(2):

{¶4} "(2) A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application."

{¶5} Under the unambiguous language of R.C. 2323.52(F)(2), once a person has been designated a vexatious litigator, the requirement of applying/moving for leave

2

to proceed is applicable to the institution of any new proceedings and the continuation of any pending proceedings. Furthermore, pursuant to R.C 2323.52(F)(1), the need to request leave to proceed, regardless of whether the proceeding is already pending or new, is also applicable to any matter before all state trial courts. Therefore, the fact that an issue was the subject of prior proceedings will not alter the requirement of obtaining leave to proceed if additional proceedings on the issue are necessary after the person has been declared a vexatious litigator. The governing statute does not provide for any exception to the "leave" requirement.

{¶6} Relator has failed to move for leave to institute a mandamus action before this court. Moreover, in responding to the motion to dismiss, he has not expressly discussed whether there are reasonable grounds for the proposed action and whether allowing the action to proceed would result in an abuse of process. Thus, as a declared vexatious litigator, relator has not satisfied the mandatory requirement under R.C. 2323.52(F)(2) for bringing a new proceeding.

{¶7} Respondent's motion to dismiss is hereby granted. It is the judgment and order of this court that relator's mandamus petition is dismissed in its entirety.

DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., COLLEEN MARY O'TOOLE, J., concur.